**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**
Four Century Drive, Suite 250
Parsippany, NJ 07054
(973) 734-3200
(973) 734-3201
By:   Nada Peters, Esq.
      Christy A. Ramunno, Esq.
Email: npeters@darcambal.com
       cramunno@darcambal.com
Attorneys for Defendant, Walmart, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA KIDD,<br><br>v.          Plaintiff,<br><br>WALMART, INC., XYZ Corporation, 1 to X and JOHN DOE, 1 to X, the names XYZ Corporation, 1 to X and JOHN DOE 1 to X, Being Fictitious,<br><br>          Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL** |

Defendant, Walmart, Inc. ("Walmart"), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. Defendant Walmart appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to them. By way of providing the Court with the basis for Walmart's request for removal, Walmart respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Walmart in such action:

1.      State Court Action.  Plaintiff, Linda Kidd ("Plaintiff"), filed the above-captioned action against Defendants in the Superior Court of New Jersey, Law Division, Mercer County, New Jersey, on or about April 22, 2022, in a matter pending as docket number MER-L-000710-22.  Copies of all process, pleadings, and orders served upon Walmart are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2.      Allegations in the Complaint.  In the Complaint, Plaintiff asserts claims against Defendants for negligence alleging that Plaintiff was injured at a Walmart store in Hamilton, New Jersey on October 15, 2021, due to carelessness and negligence of defendants, and as a result, Plaintiff suffered severe and permanent injuries.  The Complaint does not specify the nature of Plaintiff's alleged injuries and/or the amount of damages being claimed.  See **Exhibit A**.

3.      Defendants.  Other than fictitious defendants, no other defendants are named.

4.      Federal Court Subject Matter Jurisdiction.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendants, and in which the amount in controversy equals or exceeds $75,000.00.

The incident at issue in this action allegedly occurred at a Walmart retail store located in Hamilton, New Jersey which is operated by Wal-Mart Stores East, LP.  Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas.

Walmart Inc. is the sole member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas.

According to the Complaint, Plaintiff is a citizen of New Jersey, residing in Hamliton, New Jersey.

Furthemore, while Walmart denies all liability to Plaintiff and denies that she is entitled to any of the relief sought in the Complaint, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000. The Complaint alleges Plaintiff sustained "severe external and internal injuries, suffered great pain, and was prevented from attending to her business and incurred expenses for medical, hospital and nursing care." (Ex. A, Complaint, First Count at ¶ 2.) On May 4, 2022, Defendant's counsel sent Plaintiff's counsel correspondence requesting that Plaintiff stipulate that Plaintiff's damages are less than $75,000. (Attached hereto as **Exhibit B** is a true and correct copy of the May 4, 2022 letter and its enclosure.) To date, Plaintiff has not returned the stipulation.

While Walmart denies all liability to Plaintiff and denies that she is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint and that Plaintiff has not returned the Stipulation as to Damages, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendant respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiff's claims meets the jurisdictional limit of $75,000.

5. <u>Timely Filing</u>. The Summons and Complaint was served upon Walmart on April 27, 2022. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) in that it is being filed within thirty (30) days of Walmart's receipt of the Complaint and the time within which it

determined that damages exceeding $75,000 are being alleged due to Plaintiff not returning the Stipulation as to Damages.

5.    <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders served upon Walmart is annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

6.    <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Mercer County, New Jersey, the forum in which the removed action was pending.

7.    <u>Notice to Plaintiff and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Walmart, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Mercer County, New Jersey.

8.    <u>Relief Requested</u>. Walmart respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Mercer County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant Walmart Inc., hereby removes this action, currently pending as Docket Number MER-L-000710-22 in the Superior Court of New Jersey, Law Division, Mercer County, New Jersey.

Dated:  May 27, 2022

/s/ Nada M. Peters
Nada M. Peters, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Walmart, Inc.

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Mercer County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Walmart Inc.'s, knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  May 27, 2022

/s/ Nada M. Peters
Nada M. Peters, Esq.
**D'ARCAMBAL   OUSLEY   &   CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Defendant, Walmart, Inc.